**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEREK P. THIBODEAU, 27229-018,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-CV-3243-G** |
| | ) | |
| **WARDEN MAUREEN CRUZ,** | ) | |
| **Defendant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Factual background**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is an inmate at the Federal Correctional Institution in Seagoville, Texas.

On September 16, 2008, Petitioner was arrested by local law enforcement officers in Florida for state charges of failure to register as a sex offender.  While in state custody, the United States District Court for the Middle District of Florida issued a writ of *ad prosequendum* for Petitioner to appear to answer for federal charges of using the internet to transmit in interstate commerce obscene material to an individual who had not attained the age of sixteen years, in violation of 18 U.S.C. § 1470.   Petitioner was convicted of the federal charges and on July 27, 2009, was sentenced to twenty-eight months imprisonment.

On August 19, 2009, the USMS returned Petitioner to state custody and lodged a detainer.  On August 31, 2009, Petitioner was sentenced in state court to thirty-two months imprisonment for the charges of  failure to register as a sex offender.  The state court credited Petitioner 350 days for time spent incarcerated prior to his sentence.  The court also ordered the sentence to be served concurrently with "FEDERAL PRISON."  (Resp. Appx. at 38.).

On December 29, 2010, after serving his state sentence, Petitioner was released to the USMS pursuant to the detainer.  The BOP has calculated Petitioner's sentence as starting on December 29, 2010.  His projected release date is January 9, 2013.

## II.  Discussion

Petitioner argues he should have received credit on his federal sentence for the time he spent in state custody.  Title 18 U.S.C. § 3585(b) governs time credits for prior custody.  The statute states:

> Credit for prior custody – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1)     as a result of the offense for which the sentence was imposed; or
>
> (2)     as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The BOP is therefore prohibited from crediting Petitioner time on his federal sentence with any time that was already credited to his state sentence.

Further, a federal sentence does not begin to run when a defendant is temporarily produced for prosecution via a federal writ of habeas corpus *ad prosequendum* from state

custody.  *United States v. Londono*, 285 F.3d 348, 356 (5ᵗʰ Cir. 2002); *United States v. Brown*,

753 F.2d 455, 456 (5ᵗʰ Cir. 1985); *United States v. Cibrian*, 374 Fed. Appx. 524, 529 (5ᵗʰ Cir.

2010).  Moreover, "even though a state court may order its sentence to run concurrently with a

federal sentence in a related case, the federal court is not bound by the state court's order."

*Cibrian*, 374 Fed. Appx. at 529.

Additionally, 18 U.S.C. § 3584 allows federal courts the discretion to order a federal term

of imprisonment to run concurrently with a yet-to-be-imposed state sentence.  The statute reads

in pertinent part:

> (a) Imposition of concurrent or consecutive terms. – If multiple terms of imprisonment
> are imposed on a defendant at the same time, or if a term of imprisonment is imposed on
> a defendant who is already subject to an undischarged term of imprisonment, the terms
> may run concurrently or consecutively, except that the terms may not run consecutively
> for an attempt and for another offense that was the sole objective of the attempt.  Multiple
> terms of imprisonment imposed at the same time run concurrently unless the court orders
> or the statute mandates that the terms are to run consecutively.  Multiple terms of
> imprisonment imposed at different times run consecutively unless the court orders that
> the terms are to run concurrently.

18 U.S.C. § 3584.

In this case, Petitioner was subject to two terms of imprisonment which were imposed at

different times.  The statute requires the BOP to run the two terms consecutively unless the

federal court orders the two terms to be served concurrently.  The federal court judgment in this

case did not order Petitioner's federal sentence to run concurrently with his state sentence.

Petitioner's claim should therefore be DENIED.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition for writ of habeas

corpus be DENIED.

Signed this 24th day of July, 2012.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).